UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| DONNA DUTTON, | ) | |
| | ) | Case No. 3:23-cv-00039-GFVT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| HON. JIMMY SHAFFER, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Defendants' Motion for Extension of Time to file a Response to the Plaintiff's Motion for Summary Judgment. [R. 35.] The Defendants also request the Court to hold Judge Dutton's Motion for Summary Judgment in abeyance pending the Sixth Circuit's ruling on Dutton's appeal of the denial of her preliminary injunction request. *Id.* The Plaintiff does not oppose the Motion for Extension of Time but opposes holding her Motion for Summary Judgment in abeyance. [R. 36.] The matter, having been fully briefed, is now ripe for review. For the reasons set forth below, the Defendants' Motion for Extension of Time [R. 35] is **GRANTED**.

**I**

Plaintiff Dutton is a state district court judge. [R. 1 at 4.] This action stems from Judge Dutton's inappropriate remarks made during a recusal hearing, where Judge Dutton insinuated that the defense counsel had stolen money from her husband. *Id.* As a result of these remarks,

Dutton was found to have violated Rules 1.1, 1.2, 1.3, 2.2, 2.4, 2.8, 2.9, and 2.11 of the Kentucky Rules of Judicial Conduct.  *Id.* at 6.  Dutton was suspended for 14 days in 2020.  *Id.*

During the 2022 election cycle, a local newspaper published an article discussing Dutton's suspension and Dutton published her response as a part of that article.  *Id.*  Dutton's response garnered yet another complaint to the Judicial Conduct Commission (JCC), which ultimately forms the basis of this action. *Id.*  The JCC alleged that Dutton's response contained false statements concerning her suspension.  *Id.* at 7.  The JCC found that Dutton's response violated Rule 1.2, 2.4(B), and Rule 4.1(11).  *Id.*  Dutton anticipates the JCC will begin formal proceedings imminently, which could directly affect her ability to run again in the 2026 election.  *Id.* at 9.

In May 2023, Dutton filed a Complaint with this Court, seeking a declaratory judgment declaring Rule 1.2, Rule 2.4(B), and Rule 4.1(11) of the Kentucky Rules of Judicial Conduct unconstitutional.  [R. 29-1 at 13.]  Dutton also seeks a Permanent Injunction to enjoin the JCC from initiating formal enforcement proceedings against her for her comments.  *Id.*  In May 2023, Dutton filed a motion for preliminary injunction, which this Court denied.  [R. 4.]  Dutton appealed this denial to the Sixth Circuit in September 2023, which remains pending before the Sixth Circuit.  [R.18.]  On April 1, 2024, Dutton also filed a Motion for Summary Judgment seeking a permanent injunction.  [R. 34.]

## II

"As a general rule, an effective notice of appeal divests the district court of jurisdiction over the matter forming the basis for the appeal."  *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987).  However, "an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the

2

merits." *Moltan Co. v. Eagle–Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995) (quoting 9 M. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.11, at 3–54 (2d ed. 1989)).  The district court retains some jurisdiction to continue deciding other issues during the pendency of an interlocutory appeal.  *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528–29 (6th Cir. 1992) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)).

Judge Dutton appealed this Court's denial of her preliminary injunction request, and while her appeal is pending before the Sixth Circuit, she is now seeking a permanent injunction from this Court regarding the same subject matter.  In *Moltan Co. v. Eagle-Picher Industries*, the Sixth Circuit affirmed where a district court proceeded on the merits during the pendency of a preliminary injunction appeal. 55 F.3d 1171 (6th Cir. 1995).  In *Moltan*, while the appeal was pending, the district court dismissed the Plaintiff's complaint and granted summary judgment in favor of the Defendant on one of the three counts of the counterclaim, as well as converted the preliminary injunction to a permanent injunction.  *Id.* at 1173.  The Sixth Circuit affirmed the district court on everything, except the conversion of the preliminary injunction to a permanent injunction, finding that the conversion was premature.  *Id.*

As such, despite the preliminary injunction being appealed, this Court retains jurisdiction and does not find it necessary to hold this matter in abeyance.  Because the Plaintiff does not oppose an extension of time for the Defendants to respond, the Court will grant the Motion for Extension of Time.  [R. 35 at 2.]

As an aside, in their Response, the Plaintiff perplexingly asserts that the dispositive motion deadline is March 31, 2024, arguing that the Defendants have missed the dispositive motion deadline.  [R. 36.]  The Plaintiff even goes so far as to say that "the Defendants belated

3

filing that misrepresents that deadline is stunningly brazen." *Id.* Unfortunately for the Plaintiff, the Scheduling Order clearly states the dispositive motion deadline is May 31, 2024. [R. 22 at 3.] Due to this blunder, the majority of the Plaintiff's Response is misguided and unresponsive. [R. 36.]

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant's Motion for an Extension of Time **[R. 35]** is **GRANTED**; and

2. Defendant shall have on or before June 21, 2024 to file a Response to the Plaintiff's Motion for Summary Judgment **[R. 34]**.

This the 6th day of May, 2024.

Gregory F. Van Tatenhove
United States District Judge